CRAWFORD et al. v. CORPORATION COMMISSION et al.

No. 29236.   Oct. 22, 1940.

*106 P. 2d 806.*

Phil W. Davis, Jr., of Tulsa, for plaintiffs in error.

L. V. Reid, S. J. Gordon, and Ed White, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, First Asst. Atty. Gen., for defendants in error.

RILEY, J. This is an appeal from an order of the Corporation Commission concerning the disposition of money in in the hands of the Corporation Commission paid in by the Southwestern Bell Telephone Company as refunds growing out of exchange rates at Tulsa and Oklahoma City.

In the original rate cases the Corporation Commission ordered certain reduction in rates at Tulsa and Oklahoma City. The telephone company appealed and gave suspending bonds for repayment of all excessive charges which the company might collect pending the appeal. The rates fixed by the Corporation Commission were affirmed. Pending the appeal the telephone company collected in excess of the rates fixed, $226,498.71 from its subscribers in Tulsa and $118,829.26 from its Oklahoma City subscribers. The telephone company paid the amount representing such excess collections to the Corporation Commission. The Corporation Commission in turn disbursed 90 per cent. of that amount to the several subscribers, but retained 10 per cent. for conversion into the state treasury under the provisions of section 2, ch. 161, S. L. 1915, sec. 3631, O. S. 1931, 17 Okla. Stat. Ann. § 164.

Plaintiffs in error herein, assuming to act for themselves as interested subscribers and others similarly situated, claimed that the entire amount of the refunds collected by the Corporation Commission should be paid to the several subscribers. Their claim is based upon the provisions of section 21, art. 9, of the Constitution. To enforce that claim they commenced an original action in this court for a writ of mandamus commanding the Corporation Commission to pay such subscribers the 10 per cent. of the amount so collected.

The writ was denied upon the ground that plaintiffs had an adequate remedy at law by appeal from the action of the Corporation Commission. State ex rel. Crawford et al. v. Corporation Commission, 184 Okla. 127, 85 P. 2d 288.

Thereafter plaintiffs in error herein, acting for themselves, and purporting to act on behalf of all other persons similarly situated, filed with the Corporation Commission an application for an order directing refund by the commission of all moneys remaining in the hands of the commission coming to it from the Southwestern Bell Telephone Company as stated. In the application plaintiffs in error asserted that if the Corporation Commission is holding said money for conversion into the state treasury under section 2, ch. 161, S. L. 1915, such act of the commission is without authority of law because said section of said act is violative of section 1, art. 15, of the Constitution of the United States, and (1) section 7, art. 2; (2) section 6, art. 2; (3) section 24, art. 2; (4) section 57, art. 5; and (5) section 21, art. 9, of the Constitution of the State of Oklahoma.

The Southwestern Bell Telephone Company disclaimed any interest in the matter because it had fully paid all for which it was liable.

The commission found that the money, amounting to $34,532.79, was held by the commission with a view of turning it into the state treasury under the provisions of section 2, ch. 161, S. L. 1915.

Orders were entered denying the application and directing that said fund be paid and converted into the state treasury.

Plaintiffs in error appeal.

The principal question in this case grows out of the apparent conflict between certain provisions of section 21, art. 9, of the Constitution, and the provisions of section 2, ch. 161, S. L. 1915.

However, the constitutionality of the entire act comprising chapter 161, S. L. 1915, is challenged as being in violation of section 57, art. 5, of the Constitution. We consider that question first.

The contention made by plaintiffs in error is that the title of said act is insufficient to comply with the constitutional requirements of section 57, art. 5, of the Constitution that every act of the Legislature except general appropriation bills, general revenue bills, and bills adopting a code, etc., shall embrace but one subject, which shall be clearly expressed in its title. The particular objection relied upon is that the subject of the act is not clearly expressed in its title, in that the title does not refer to rebates, and does not mention the Corporation Commission, or refer to any charges or deductions to be made from rebates.

The title of the act is: "An act providing for fees to be charged by state officers, and declaring an emergency."

The act consists of but three sections, the third section being the emergency provision. Section 1 relates only to fees to be charged by the Corporation Commission or its secretary for making transcripts or records, and is plainly covered by the title.

Section 2 of the act provides:

"That for all rebates or refunds made through the intervention or agency of the Corporation Commission, a fee of ten per cent. on such rebates or refund shall be charged and deducted from such amount rebated or refunded through such intervention or agency of the Corporation Commission, and same shall be converted into the state treasury as provided by law."

A statute is not to be declared unconstitutional on the ground that the subject thereof is not expressed in its title, unless the title is clearly insufficient. Read v. Midwest Mut. Burial Ass'n, 176 Okla. 468, 56 P. 2d 124; Walker v. Local Bldg. & Loan Ass'n, 176 Okla. 168, 54 P. 2d 1078.

The title may be general and need not contain abstract of contents of the bill or specify every clause therein. It is sufficient if they are all referable and cognate to the subject expressed. Cooper v. King, 171 Okla. 121, 42 P. 2d 249; Oklahoma City v. Grigsby, 171 Okla. 23, 41 P. 2d 697; Ex parte Owen, 143 Okla. 8, 286 P. 883; Oklahoma City Land & Development Co. v. Hare, 66 Okla. 190, 168 P. 407.

The act in question relates solely to fees to be charged by the Corporation Commission or its secretary, and contains no subject matter not embraced within the title. The subject expressed in the title is broader than the matters contained in the body of the act. Under the title the Legislature might have properly included fees to be charged by other state officers. The inhibition in the Constitution is against including in the act subject matter not embraced within the title. The fact that matters within the title are not included in the act does not render it violative of the Constitution. Mayor and Aldermen of Knoxville v. Gass, 119 Tenn. 438, 104 S. W. 1084.

It is contended that the title refers to fees to be charged by state officers,

and that the Corporation Commission is not a state officer and, therefore, the provision does not come within the title.

The contention is without merit. There can be no doubt that Corporation Commissioners are state officers. The commission is created by section 15, art. 9, of the Constitution, its members are elected by the people at a general election for state officers. By section 17, art. 9, of the Constitution they are required to subscribe to the oath of office as prescribed in the Constitution.

The commission as such is an aggregate of state officers. Section 18a, of art. 9, of the Constitution provides:

"The Corporation Commission shall organize by electing one of its members chairman and appointing a Secretary. * * * A majority of said commission shall constitute a quorum, and the concurrence of the majority of said commission shall be necessary to decide any question."

When they act, they do so as a single composite body. The concurrence of two or more members in the decision of a given question constitutes the act of the composite body.

The Corporation Commission, when acting within the scope of its powers and jurisdiction, is, in a measure, in the relation to the state, as the board of county commissioners is to the county.

Their acts are but the acts of the composite body. They cannot act otherwise.

The commission is designed to be perpetuated in its existing form, as an aggregate of state officers, and not as an individual.

It is well settled that where official authority is conferred upon a board or commission composed of three or more members, and the law provides that a majority of the board or commission shall have power to act, a decision concurred in by a majority, and less than the whole number, when in regular session, is valid and constitutes the official

act of the board or commission as a whole. 46 C. J. 1034. In such case the board or commission is considered as a unit. Its members are officers, but the result is the same as if the official authority be vested in a single person.

The act of charging and deducting from the amount refunded through the intervention or agency of the Corporation Commission a fee of 10 per cent. is but a single act by state officers.

The remaining contention is that section 2, ch. 161, S. L. 1915, supra, is in conflict with and violates certain provisions of section 21, art. 9, of the Constitution.

The relevant provision of the latter is:

"Upon the final decision of such appeal, all amounts which the appealing company may have collected, pending the appeal, in excess of that authorized by such final decision, shall be promptly refunded by the company to the parties entitled thereto, in such manner and through such methods of distribution as may be prescribed by the commission, or by law."

The contention of plaintiffs in error is that the mandate of section 21, art. 9, supra, is that all the overcharges are to be paid to the subscribers, and prohibits the Legislature from attempting to convert any part thereof into the state treasury.

But they overlook entirely the provision of section 35, art. 9, of the Constitution which provides that after the second Monday in January, 1909:

"* * * The Legislature may, by law, from time to time, alter, amend, revise, or repeal sections from eighteen to thirty-four, inclusive, of this article or any of them, or any amendments thereof: Provided, that no amendment made under authority of this section shall contravene the provisions of any part of this Constitution other than the said sections last above referred to or any such amendments thereof."

Section 21, of art. 9, of the Constitution is one of the sections which the

Legislature is authorized by law to alter, amend, revise or repeal. If the provisions of section 2 of the act of 1915, supra, are in conflict with the part of section 21, art. 9, of the Constitution quoted above, then a repeal is effected by the enactment of the statute.

Section 21, of art. 9, of the Constitution, as originally written, as shown by the part thereof quoted above, required that all amounts which the appealing company may have collected pending the appeal in excess of that authorized by the final decision should be promptly refunded *by the company* to the parties entitled thereto, etc.

By chapter 10, S. L. 1913, the Corporation Commission was vested with the power of a court of record to determine the amount of refund due, and to whom the overcharge should be paid, and upon ascertaining the amount of overcharge, the Corporation Commission was given authority to render judgment therefor, if necessary, to insure the prompt payment thereof to the commission. This was a change in the law which theretofore required payment by the company to the persons entitled thereto. The act of 1913 goes further and provides that such judgment shall be a lien upon the property of the public service corporation, person or firm, and shall be collected in the same manner as fines and penalties imposed by the Corporation Commission are authorized by law to be collected, and when collected shall be paid immediately by the commission to the parties entitled thereto.

The act of 1913, therefore, departs in at least two particulars from the provisions of section 21, art. 9, of the Constitution. Said act on its face does not purport to be an amendment of section 21, art. 9, of the Constitution, or any of the other sections of said article that could be amended by statute. No mention is made in the title or body of the act of 1913, supra, of any of the sections of art. 9 of the Constitution between sections 18 and 34, inclusive.

In Pioneer Telephone & Telegraph Co. v. State, 40 Okla. 417, 138 P. 1033, the Act of 1913, supra, was upheld.

In Russell et al. v. Walker et al., 160 Okla. 145, 15 P. 2d 114, it is held:

"By the provisions of section 35, article 9, of the Constitution of Oklahoma, the Legislature was given the power to alter, amend, revise, or repeal sections from 18 to 34, inclusive, of article 9, of the Constitution, after the second Monday in January, 1909, there being but one limitation of that power, which is that no amendment made under that authority shall contravene the provisions of any part of the Constitution other than the sections last above referred to, or any such amendments thereof."

Therefore, when the Legislature enacted section 2, of chapter 10, S. L. 1913, that part of section 21, art. 9, of the Constitution which required all rebates or refunds to be paid by the company to the persons entitled thereto became inoperative, and thereafter payment of the total amount of rebates or refunds are required to be paid by the company to the commission and by it distributed to persons entitled thereto.

Upon enactment by the Legislature of section 2, ch. 161, S. L. 1915, that part of section 2, ch. 10, S. L. 1913, which provided that when the total amount of the rebates or refunds was collected by the commission it should be paid by the commission to the parties to whom it was due likewise became inoperative to the extent that 10 per cent. of such amount should be charged by the commission as a fee and converted into the state treasury.

The power and authority of the Legislature to require that 10 per cent. of the rebates or refunds be paid into the state treasury as a fee is well settled.

In Charlotte, etc., R. R. Co. v. Gibbes, 142 U. S. 386, 12 S. Ct. 255, it is said:

"In such instances, where the interests of the public and of individuals are blended in any work or service imposed by law, whether the cost shall be thrown entirely upon the individuals

or upon the state or be apportioned between them, is matter of legislative direction."

The Legislature has for many years appropriated large sums of money to defray the expenses of the Corporation Commission in investigating and adjusting rates charged by the public utility companies within the state. The companies are required by law to pay all expenses incurred by the Corporation Commission in checking refunds, determining to whom they belong, and delivering same to the parties entitled thereto. As to other expenses incurred in making investigation, conducting hearings, appeals, etc., in proceedings involving rates charged by utility companies, the law as enacted by the Legislature requires the parties benefited, where appeals are prosecuted and rates are suspended pending appeal, to bear a part of the expenses incurred by the state. This being purely a matter of legislative direction, and within the power of the Legislature, it follows that said act does not violate any of the other provisions of the Constitution of the state, and does not violate the provisions of the Fourteenth Amendment of the Constitution of the United States.

The order of the Corporation Commission is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and NEFF, JJ., concur. CORN, J., absent.