## SCHOOL DISTRICT NO. 37, WASHITA COUNTY, et al. v. LATIMER, County Supt.

No. 30606. May 26, 1942.

*126 P. 2d 280.*

Ash & Bailey, of Cordell, for plaintiffs in error.

Tolbert, Tolbert & Gillespie, of Hobart, for defendant in error.

GIBSON, J. This action was commenced in the district court of Kiowa county by school district No. 37 of Washita county and certain of its officers and resident voters to enjoin the county superintendent of Kiowa county from making an order detaching certain territory from the plaintiff district and annexing the same to Mountain View district No. 39-82 of Kiowa county. Judgment was for defendant, and plaintiffs appeal.

The basis of the action is the alleged unconstitutionality of the statute under which the superintendent purports to act (70 O. S. 1941 §§ 890.1-890.8, same being S. B. No. 81, Title 70, ch. 24, S. L. 1941).

Plaintiffs do not deny that the superintendent has proceeded in all respects with reference to the proposed annexation as provided by the act, but make specific objection to that portion of section 2 thereof pertaining to appeal to the district court as a denial of the right to judicial review by a tribunal with full power to grant relief, and therefore a denial of due process as guaranteed by section 7, art. 2, of the Constitution; and, further, that the limitations placed upon the court by said section 2 con-

stitute an encroachment by the legislative upon the judicial branch of the government contrary to the provisions of section 1, art. 4, of the Constitution.

Said section 2 provides that the superintendent shall hold a hearing on the applications for annexation after notice given as specified by the section, and that any elector residing in the territory affected shall have the right to appear and produce evidence either in behalf of or against said annexation. Thereafter, within the time limited, the superintendent must issue his order "to the effect that he has, or has not, ordered the annexation prayed for, and his reasons therefor; provided that the county superintendent shall order said annexation if he finds that the provisions of this act have been substantially complied with." The section authorizes an appeal from the order to the district court, and provides further:

"The jurisdiction of the district court shall be limited, however, to the determination of whether the provisions of this act have been substantially complied with, and the judgment of said court shall be final."

Plaintiffs say that, since the court's functions are limited to a determination of whether the act was substantially complied with, the parties are denied full judicial review of the superintendent's orders; that by such denial the Legislature makes itself, to the exclusion of the courts, the sole judge as to the legality or propriety of all annexations and the procedure to be employed therein. The court can only say whether the directions of the Legislature have been substantially observed and followed.

But, as said above, plaintiffs admit that the act has been complied with. In view of the powers conferred upon the Legislature by the Constitution, that admission puts an end to all claims of a denial of due process, for due process in such case demands nothing other than substantial compliance with the rules and regulations prescribed by the Legislature. The Legislature may at will

create, alter, or abolish school districts without consulting the inhabitants thereof. The people may be denied a voice in the matter, and denied the right of appeal. The statute itself is the basic and fundamental law, and a substantial compliance therewith by the ministerial officers constitutes due process. However, any attempt on the part of the Legislature to deny interested parties the right to a judicial determination of the question whether the provisions of the act have been complied with would constitute a denial of due process of law. In event the Legislature should fail to provide an adequate remedy in such case, the parties could resort to injunction to test the validity of the order. But where an efficient and speedy remedy is provided, injunction will not lie.

In Dowell v. Board of Education, 185 Okla. 342, 91 P. 2d 771, where a similar question was involved, the court said:

"But the voters of the independent district are not divested of any property rights by the addition of territory to their school district or a change in such district. A school district is a subordinate agency of the state, and the Legislature can abolish them or change their boundaries without consulting the inhabitants. School Dist. No. 17 v. Zediker (1896) 4 Okla. 599, 47 P. 482. The individuals have no property rights in them, and thus the failure to give the inhabitants of the independent district a voice in the matter or to provide for an appeal is not a fatal defect. See Fowler v. Green (1918) 73 Okla. 319, 176 P. 222; People ex rel. v. Lukenbill (1924), 314 Ill. 64, 145 N. E. 294."

There the rule was stated as follows:

"School districts being subordinate agencies of the state in which the inhabitants thereof have no vested property rights, article 9, ch. 34, S. L. 1937, does not violate the due process clause of the state Constitution (sec. 7 of art. 2) ... in failing to authorize the inhabitants of the independent district to which territory is attached to vote on the question of attachment or provide for an effective appeal from the order of attachment."

That rule applies as well to the statute here under consideration.

Plaintiffs take the position that the Legislature has attempted to make the appeal to district court the exclusive remedy, and contend that such appeal does not offer a full judicial remedy. This situation, they say, renders the whole act void as a denial of due process.

Assuming that such was the intention of the Legislature, nevertheless, the proceedings in district court provide a full and complete judicial review of every issue that may be determined by the courts, the issues whether the provisions of the act were substantially complied with. There is no restriction placed on the court that was beyond the power of the Legislature to impose; nor is the provision for appeal an attempt to confer legislative powers on the court. On appeal the case is open to full hearing and determination of every material question. The court is no more restricted than it would be in an action for injunction to test the validity of the order. It may examine judicially into every fact or circumstance necessary to a determination whether the superintendent substantially complied with the statute. The appeal is a speedy and efficient judicial remedy offered in a matter wholly of public interest, involving the private rights of no one. That the proceedings in district court are designated as an appeal is of no importance. They may be classed more appropriately as original proceedings to test the validity of the orders of the superintendent, for there is nothing in the statute to restrict the court's judicial power to hear and determine every material issue.

Plaintiffs contend further that the act embraces more than one subject of legislation, and that its title is insufficient, and therefore violative of section 57, art. 5, of the Constitution.

That section provides that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. The provision has its particular purposes which have many times been defined by the court, and are well understood. We will therefore re-

frain from further discussion of those purposes here. See State v. Johnson, 90 Okla. 21, 215 P. 945.

The title of the act reads as follows:

"An Act relating to the formation and alteration of school districts; regulating annexations of territory to school districts and prescribing procedure therefor; fixing rights and liabilities of altered districts; repealing sections 6772, 6773, 6776, 6777, 6785 and 6946, inclusive, Oklahoma Statutes 1931, and articles 8 and 9, chapter 34, Oklahoma Session Laws 1937, and other conflicting laws; repealing parts of sections 6771, 6779, 6780, 6915, 6796 and 6797, inclusive, Oklahoma Statutes 1931, and articles 3 and 4, chapter 34, Oklahoma Session Laws 1939; making provisions of act severable; and declaring an emergency."

It is urged that, since the title refers to the formation of districts along with the annexation and alteration of districts, and the body of the act makes no provision for the formation of new districts, the title does not clearly express the subject of legislation.

We cannot agree that this circumstance would create an inconsistency between the title and the body of the act or render the title so obscure as to destroy the clarity required by the Constitution. The act actually contains no provision for the formation of wholly new districts, but there are provisions for the annexation of entire districts or parts of districts to others. This is essentially re-formation as well as annexation and alteration, and is not designed to mislead.

To us the contention seems highly technical rather than real. It is not sufficient to warrant destruction of the act. Section 57, supra, "is not to be enforced in such a technical manner as to cripple legislation" (Gibson Products Co. v. Murphy, 186 Okla. 714, 100 P. 2d 453); and a statute is not to be declared unconstitutional as not expressing the subject thereof in its title, unless the title is clearly insufficient. Crawford v. Corporation Commission, 188 Okla. 101, 106 P. 2d 806.

It is next contended that the title does not clearly indicate that the act repeals a portion of the general school laws.

In our opinion the title is sufficient in this respect. It refers to specific sections and, generally, to all conflicting laws to be repealed. To us this does not appear objectionable. It is not necessary that the title refer specifically to the sections of the statutes to be repealed. A general statement of repeal of conflicting laws is sufficient. Counsel cite no contrary authority, and we are aware of none. The title may be general and need not contain an abstract of the contents of the bill. Crawford v. Corporation Commission, supra. The rule is there stated as follows:

"The title of an Act of the Legislature may be general and need not contain an abstract of the contents of the bill. It is sufficient, if the contents of the bill are referable and cognate to the subject expressed in the title."

Next it is contended that the bill embraces three separate and distinct subjects. It is said that it provides for the alteration of districts; strikes down by repeal section 6946, O. S. 1931, authorizing a single district to establish a graded or high school; and repeals section 6772, O. S. 1931, pertaining to the formation of separate districts for white and negro children, and that neither of the repealed statutes has any relation to the subject of alteration or annexation.

It is seen, however, that the repealed statutes dealt with the general subject of public schools. Each section was germane to the subject expressed in the title and related to the subject of legislation in the bill. The word "subject," as used in the Constitution, is given a broad definition, not a restricted one. National Mutual Casualty Co. v. Briscoe, 188 Okla. 440, 109 P. 2d 1088. The subject was public schools. There was but one subject of legislation.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS, HURST, and DAVISON, JJ., absent.