PUBLIC BOARDS OF EDUCATION — EXEMPT WITH RESPECT TO EMPLOYMENT Section 25 O.S. 1307 [25-1307] within Title 25 O.S. 1301 [25-1301] [25-1301] — 25 O.S. 1311 [25-1311] (1969), exempts public boards of education with respect to the employment of individuals to perform work connected with the educational activities of the institutions. Public boards of education are the governing bodies of school districts which are educational institutions and subordinate agencies of the State of Oklahoma and must not violate the prohibitions within Title 74 O.S. 954 [74-954] (1969). The Attorney General has had under consideration your letters dated March 3, 1970, and April 27, 1970, wherein you ask the following questions: "Are public boards of education included in the exemptions provided by 25 O.S. 1301 [25-1301] — 25 O.S. 1311 [25-1311] (1969)?" "If the answer to this question is yes; "Is there any other state law that would prohibit public boards of education from discriminating in the hiring of teachers?" The specific section within Title 25 O.S. 1301 [25-1301] — 25 O.S. 1311 [25-1311] (1969), concerning exemptions is Section 25 O.S. 1307 [25-1307], which states in relevant part: "This chapter does not apply to . . . "(2) an educational institution with respect to the employment of individuals to perform work connected with the educational activities of the institution." The Attorney General is of the opinion your first question should be answered in the affirmative, that Section 25 O.S. 1307 [25-1307] within Title 25, O.S.Supp. 1969, 1301-1311, exempts public boards of education with respect to the employment of individuals to perform work connected with the educational activities of the institution. The statutory provision concerning your second question is Title 74 O.S. 954 [74-954] (1969), which states in relevant part: "It is hereby prohibited for any department or agency of the State of Oklahoma, or any official or employee of the same for and on behalf of the State of Oklahoma: to refuse to employ or to discharge any person, otherwise qualified, on account of race, color, creed, national origin, or ancestry; to discriminate for the same reasons in regard to tenure, terms, or conditions of employment; to deny promotion or increase in compensation solely for these reasons; to publish an offer of employment based on such discrimination; to adopt or enforce any rule or employment policy which so discriminates as to any employee; or to seek such information as to any applicant or employee or to discriminate in the selection of personnel for training solely on such basis . . . ." (Emphasis added) The Supreme Court of Oklahoma has held that a school district is a subordinate agency of the state. Dowell v. Board of Education of Oklahoma City, 185 Okl. 342, 91 P.2d 771
(1939); McGowen, et al v. Board of Education of Union Graded School District No. 25, et al, 188 Okl. 625,112 P.2d 355 (1941); Independent Consol. School Dist. No. 7 of Harrah, et al v. Bowen, 199 Okl. 92, 183 P.2d 251, 254
(1947). It is the opinion of the Attorney General that your second question should be answered as follows: The public boards of education are the governing bodies of school districts which are educational institutions and subordinate agencies of the State of Oklahoma and must not violate the prohibitions within Title 74 O.S. 954 [74-954] (1969). (Marvin E. Spears)