Dear Mr. Keeler,
The Attorney General has received your request for an official opinion asking, in effect:
 In order to recover some of the expense incurred in holding formal hearings pursuant to the Administrative Procedures Act for violations of the Oklahoma Osteopathic Medicine Act, 59 O.S. 620 - 59 O.S. 644 (1984), can the Board of Osteopathic Examiners assess the costs of the hearings against the licensees who are found to have violated the Act?
Costs are statutory allowances to a party in an action for his expenses incurred in the action. McAlester Urban Renewal Authority v. Hamilton,521 P.2d 823 (Okla. 1974). The authority to assess costs in judicial or quasi judicial proceedings exists only where it is expressly given by statute or ratified by legislative enactment. In the Matter ofSilberman, 404 A.2d 1164 (N.J. 1979); Wintersteen v. National Cooperageand Woodenware Co., 197 N.E. 578 (Ill. 1935). Therefore, to determine whether the Osteopathic Board (Board) may assess costs against a licensee in an individual hearing, reference must be made to the statutory powers and duties granted to the Board in the Osteopathic Medicine Act, 59 O.S.620 — 59 O.S. 644 (1984) (Act), along with a review of the Administrative Procedures Act, 75 O.S. 301 (1981) et seq., as amended (APA), since the Board must follow the APA when conducting individual hearings.
The Osteopathic Board's powers and duties relative to conducting individual hearings are set out in the Osteopathic Medicine Act, supra, at sections 59 O.S. 637 and 59 O.S. 637.1. Section 59 O.S. 637 lists fifteen reasons that the Board may, upon proof, refuse to issue, renew, suspend, or revoke an osteopathic license. The section also provides that the Board may not take such action for any of the listed causes "unlessthe person accused has been given at least 20 days' notice in writing of the charges against him and a public hearing by the State Board." (Emphasis added). The section further provides that a licensee found guilty by the Board has a right to seek judicial review of the adverse ruling pursuant to the Administrative Procedures Act.
Section 59 O.S. 637.1 of the Act provides the Board with alternatives to revoking or suspending licenses and states, in pertinent part:
 "In addition or as an alternative, as the case may be to revoking, suspending or refusing to renew any license, the State Board of Osteopathic Examiners may, after affording opportunity to be heard:
 "1. Temporarily order suspension or limitation of license;
 "2. Issue an order of warning, reprimand or censure . . .;
 "3. Order that any person violating any provision of an act or regulation . . . cease and desist from further violations thereof or to take such affirmative correction action . . .; and
 "4. Order any person as a condition for continued reinstated or renewed licensure to seek medical or such other professional treatment as may be necessary to properly discharge licensee functions." (Emphasis added).
Based on these statutory provisions, it is clear that the Board has been given broad powers to deal with osteopathic licensees who are found to be in violation of the Act. However, we find no statutory authority for the Board to impose the costs of an individual hearing upon a licensee who does not prevail at the hearing. In fact the statute plainly states that the Board must give the accused person a public hearing andafford him an opportunity to be heard. This language indicates that the Legislature intends for the Board to conduct the hearings, when required, in carrying out its work. It would follow, then, that any expense that the Board incurs in conducting the hearings would be borne by the Board, absent a statute to the contrary. We find no provision in the Act which relieves the Board of liability from this kind of expense. It is well settled that an agency created by statute may only exercise those powers and duties granted by statute, or such as may be fairly implied, and cannot expand those powers by its own authority. Marley v.Cannon, 618 P.2d 401 (Okla. 1980).
We next examine the Administrative Procedures Act, supra, to ascertain if it grants the Board such authority. A review of the APA, in its entirety, evidences no authority for the Board to assess costs against licensees in individual hearings. On the contrary, section 75 O.S. 315.1
of the APA, which deals with public hearings and fees, expressly forbids an agency from charging fees to persons authorized to appear before it, unless such fees are prescribed by statute. The referenced section provides:
 "No agency shall charge a fee to any person wishing to submit evidence, views or arguments at any public hearing authorized by the Oklahoma Administrative Procedures Act concerning rules, regulations, licensing, permits, orders, or any other proposed agency action. Nothing in this act shall be construed to prohibit the collection of any licensing or permit fees or other fees otherwise prescribed by statute." (Emphasis added).
The facts contained in your inquiry indicate that the Board is holding a significant number of hearings, at considerable expense, for violations of the state drug laws. While it is conceivable that such hearings would be of benefit to the accused licensees as well as to the public, whether the hearing costs should fall upon the licensees or the agency is a matter for the Legislature. The Oklahoma Supreme Court addressed this issue in Crawford v. Corporation Commission, 106 P.2d 806 (Okla. 1940), wherein the Corporation Commission, by statute, required parties who had benefited from a rate appeal case to bear a part of the expense the State incurred in making the investigations, holding the hearings, appeals, etc. The Court, quoting approvingly from Charlotte, etc. R.R. Co. v.Gibbes, 142 U.S. 386, 395, 12 S.Ct. 255, 35 L.Ed. 1051, stated:
 "`In such instances, where the interests of the public and of individuals are blended in any work or service imposed by law, whether the cost shall be thrown entirely upon the individuals or upon the state, or be apportioned between them, is matter of legislative direction.' " 106 P.2d at 810.
See also, Matter of Silberman, supra; and O'Dowd's Dairy v. Hoffman,145 A.2d 40 (N.J. 1958).
Accordingly, based on the foregoing statutes and case law and being mindful that administrative agencies can only exercise those powers which are expressly granted or necessarily implied from their enabling statutes, we conclude that the Board of Osteopathic Examiners, has not been statutorily authorized to impose costs on licensees in license suspension-revocation proceedings.
It is, therefore, the official opinion of the Attorney General that theBoard of Osteopathic Examiners, established pursuant to the OsteopathicMedicine Act, 59 O.S. 620 - 59 O.S. 644 (1984), is without authority torecover expenses incurred in holding formal hearings pursuant to theAdministrative Procedures Act, 75 O.S. 301 (1981) et seq., as amended, byassessing the costs of the hearing against licensees who are found at thehearing to have violated the Osteopathic Medicine Act.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
OZELLA WILLIS, ASSISTANT ATTORNEY GENERAL