Dear Charirman Appel,
¶ 0 This office has received your request for an official Attorney General Opinion addressing, in effect, the following questions:
Does Article IX, § 28 of the Oklahoma Constitution authorize anindividual commissioner of the Oklahoma Corporation Commission tounilaterally inspect and examine a public utility without firstobtaining the concurrence of a majority of the Commissionpursuant to Article IX, § 18a(B) of the Oklahoma Constitution?
 I.
¶ 1 Generally, everyone has a right to inspect and examine the publicly available records of a public utility and to ask the public utility to provide information not otherwise available to the public. Only an officially authorized body, however, may compel the public utility to provide information not otherwise available to the public. This Opinion addresses your question only in the context of the latter. It addresses an individual commissioner's authority to inspect and examine a public utility's records only in terms of an attendant power to compel a public utility to comply with an individual commissioners's inspection and examination demands, as sanctioned by Oklahoma law.
 II.
¶ 2 The Oklahoma Corporation Commission ("the Commission") was created by Article IX of the Oklahoma Constitution mainly to regulate "all transportation and transmission companies doing business in this State." Okla. Const. art. IX, § 18.[1]
Section 18a(B) authorizes the Commission to act only as a composite body, Crawford v. Corporation Commission,106 P.2d 806, 809 (Okla. 1940), through the concurrence of a majority of its members. Okla. Const. art. IX, § 18a(B). Section 28 of Article IX, on the other hand, assigns the right to inspect and examine a public utility to the "commissioners, or either ofthem." Id. § 28 (emphasis added).
¶ 3 Section 28 specifically provides as follows:
 The commissioners, or either of them, or such persons as they may employ therefor, shall have the right, at such times as they may deem necessary, to inspect the books and papers of any . . . public service corporation, and to examine, under oath, any officer, agent, or employee of such corporations in relation to the business and affairs of the same. If any . . . public service corporation shall refuse to permit the commissioners, or either of them, or any person authorized thereto, to examine its books and papers, such . . . public service corporation shall [pay a fine and otherwise be] punished as the law shall prescribe.
Okla. Const. art. IX, § 28 (emphasis added).
¶ 4 Viewed in isolation, Section 28 of Article IX is ambiguous. It is not clear whether the "or either of them" language gives an individual commissioner the unilateral right to inspect and examine a public utility without the concurrence of the Commission as a composite body, or whether Section 28 merely authorizes the Commission as a composite body to delegate its authority to inspect and examine a public utility to an individual commissioner.[2] Section 28, however, cannot be viewed in isolation. Rather, proper construction of Section 28 requires that it be read in the context of the related Article IX provisions.[3]
¶ 5 Article IX, § 15 of the Oklahoma Constitution prescribes that the Commission be "composed of three persons." Section 18a(B) further provides that "[a] majority of said Commission shall constitute a quorum, and the concurrence of the majority. . . shall be necessary to decide any question." Okla. Const. art. IX, § 18a(B) (emphasis added). In Crawford v. CorporationCommission, 106 P.2d 806, 809 (Okla. 1940), the Court construed Sections 15 and 18a(B) of Article IX. Under Section 15, the Court held that the Commission is "an aggregate of State Officers," and as such, they can only act "as a single composite body."Crawford, 106 P.2d at 809. Thus, since the Commission exists "as an aggregate of State Officers, and not as an individual," then under Section 18a(B), only "a decision concurred in by a majority . . . is valid and constitutes the official act of the . . . Commission as a whole." Id. (emphasis added). See alsoSouthwestern Bell Telephone Co. v. Oklahoma CorporationCommission, 873 P.2d 1001, 1004 (Okla. 1994) (stating that the "concurrence by a majority of the Commission is necessary to decide any question" (emphasis added)); Hair v. OklahomaCorporation Commission, 740 P.2d 134, 138 (Okla. 1987) (construing Sections 15 and 18a(B) of Article IX, the Court found that the Commission "is an aggregate of State officers, and when acting within the scope of its powers and jurisdiction, is a single composite body, and cannot act otherwise" (emphasis added)).
¶ 6 Section 18a(B) of Article IX, therefore, as construed by the Oklahoma Supreme Court, requires a decision by a majority of the Commission authorizing an inspection and examination of a public utility before an individual commissioner can conduct such an inspection and examination.[4] Moreover, before the Commission can render such a decision or enforce compliance with any inspection or examination demands,[5] the Commission must adhere to the procedural due process requirements of the Constitution, which require that notice and opportunity to be heard be afforded to the public utility. The relevant language of the Constitution in this regard is as follows:
 Before the Commission shall . . . make any order . . . or requirement directed against any one or more companies by name, the company or companies to be affected by such . . . order . . . or requirement, shall first be given, by the Commission, at least ten days' notice of the time and place, when and where the contemplated action in the premises will be considered and disposed of and shall be afforded a reasonable opportunity to introduce evidence and to be heard thereon. . . .
Okla. Const. art. IX, § 18 (emphasis added).
¶ 7 Thus, to impose "any requirement" on a public utility to submit to its inspection and examination demands, the Commission must, pursuant to Section 18, afford the affected public utility a hearing on the matter, and in deciding the matter heard, a majority of the Commission is necessary, pursuant to Section 18a(B). The Commission, in other words, has "full visitorial and inquisitorial power to examine such public utilities," 17 O.S.Supp. 1996, § 152[17-152](C), but to exercise that power requires, after notice and hearing, a Commission decision, which in turn requires the concurrence of not less than two commissioners.
¶ 8 To construe Section 28 of Article IX as authorizing an individual commissioner to unilaterally inspect and examine a public utility without the concurrence of a majority of the Commission, therefore, would be inconsistent with the requirements of Section 18a(B), which requires the concurrence of a majority of the Commission to decide any question, and Section 18, which requires that before any requirement is imposed upon a public utility, it must be afforded notice and a hearing before the Commission.
¶ 9 Resolution of this apparent conflict in Article IX between Section 28 and Section 18a(B) is also governed by the principle that provisions in the same statutory or constitutional scheme should be given a construction which will result in harmonizing the provisions and giving reasonable effect to both sections without doing violence to either. See, e.g., Roach v. Atlas LifeInsurance Company, 769 P.2d 158, 163 (Okla. 1989) (noting further that "[w]here two constructions are possible, the one avoiding conflict is preferable to one, although reasonable, which leads to the conclusion that a conflict exists"); see alsoCiticorp Savings and Trust v. Banking Board of Oklahoma,704 P.2d 490, 494 (Okla. 1985) (holding that "[s]tatutes that are apparently contradictory are to be interpreted in such manner as to give effect to both of them if possible"). In addition to this principle, the Court has made it clear that the Article IX provisions are to be strictly construed. Wagoner Gas Co. v.State, 23 P.2d 645, 647 (Okla. 1933) (noting that Section 28 grants "the commission" the right to inspect and examine a public utility, the Court went on to state that "the provisions of article 9 of the Constitution shall always be so restricted in their application as if the necessary limitations upon their interpretation had been expressed in each case" (emphasis added, internal quotations omitted)).
¶ 10 Giving effect to the language in Article IX, § 28 that states "at such times as they may deem necessary"[6]
provides "the necessary limitations" to the phrase "or either of them" also in Section 28, and allows it to be harmonized with Section 18a(B) in a manner that gives reasonable effect to both sections without doing violence to either. This construction means that an individual commissioner has "the right" to inspect and examine a public utility under Section 28 only after
"they," meaning the Commission as a composite body as identified in Section 15, have given concurrence by a majority of members pursuant to Section 18a(B), and that a public utility may not be held liable for refusing to comply with an individual commissioner's inspection and examination demands that are not backed by a majority of the Commission.[7] Therefore, under Section 18a(B), the Commission as a composite body, and pursuant to a concurrence of a majority thereof, must decide to initiate an inspection and examination of a public utility. Once that decision is made, then that task can be delegated to an individual commissioner, "or such persons as they may employ therefor," pursuant to Section 28.[8] Reading Section 28 this way is consistent with the concurrence requirement of Section 18a(B) and the procedural due process requirements of Section 18.
¶ 11 Although the phrase "or either of them" in Section 28 connotes any one commissioner, i.e., an individual commissioner,[9] it is important to note that at the time of Oklahoma's Constitutional Convention, the framers of Article IX, § 28 envisioned that most of the Commission's investigative responsibilities would be conducted by the commissioners themselves, "or such persons as they may employ therefor." This is readily apparent by the fact that the First Annual Report ofthe Corporation Commission of the State of Oklahoma for the Year1908[10] reflects a Commission employment level, including the commissioners, of less than twenty persons. Thus, interpreting Section 28 as authorizing an individual commissioner to inspect and examine a public utility only after a concurrence of a majority of the Commission is obtained does not emasculate Section 28. In light of the fact that the framers of the Oklahoma Constitution envisioned that the bulk of the Commission's investigative responsibilities would be carried out by individual commissioners themselves, "or such persons who they may employ therefor," who would have to visit the utility in person, Section 28 was necessary to prevent a public utility's refusal to permit an individual commissioner from obtaining the information sought by the Commission as a composite body, by arguing that the Commission had no authority to delegate its investigative function to an individual commissioner.
¶ 12 In summary, an individual commissioner's power to inspect and examine a public utility, and the public utility's corresponding obligation to permit such an inspection and examination flows only from a decision of the Commission as a composite body pursuant to Section 18a(B).[11]
 ¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
Article IX, § 28 of the Oklahoma Constitution does not authorizean individual commissioner to unilaterally inspect and examine apublic utility with the attendant power to compel or to imposesanctions against the public utility unless the concurrence of amajority of the Commission is obtained pursuant to Article IX, §18a(B) of the Oklahoma Constitution and the procedural dueprocess safeguards of Article IX, § 18 of the OklahomaConstitution, because without such a concurrence, the publicutility has no duty or obligation to comply with an individualcommissioner's inspection and examination requests.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
MICKEY S. MOON ASSISTANT ATTORNEY GENERAL
[1] The framers of the Oklahoma Constitution "were concerned primarily with the regulation of railroads and other transportation agencies and with telegraph and telephone lines." Maurice H. Merrill, Fifty Years of Public Law in Oklahoma,
10 Okla. L. Rev. 375, 375 (1957).
[2] That the phrase "or either of them" refers to any one commissioner, i.e., an individual commissioner, is clear. There is no Oklahoma statutory or case law which defines the word "either." Nevertheless, the phrase "or either of them" is also used in Article IX, § 16 of the Oklahoma Constitution, which prohibits "such commissioners, or either of them," from having any interest in anything subject to the Commission's regulatory powers. In Section 16, the phrase "or either of them" plainly refers to each commissioner individually rather that to two or more commissioners collectively. In such circumstances, the following rule of construction applies:
 Where the same word of phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout; and where its meaning in one instance is clear, this meaning will be attached to it elsewhere, unless it clearly appears form the whole statute that it was the intention of the Legislature to use it in a different sense.
Walton v. Donnelly, 201 P. 367, 370 (Okla. 1921) (emphasis added) (citation omitted).
[3] "[N]o one clause of the Constitution should be construed by itself and to the exclusion of other portions of the same instrument, but all portions of the Constitution relating to the same question should be construed together and, as far as possible, harmonized with each other." Shaw v. Grumbine,278 P. 311, 315 (Okla. 1929).
[4] The Commission can enjoin a particular public utility only through the issuance of an order directed at that public utility.See, e.g. OAC 165:5-11-1(a)(1) and (b)(1) (stating that depositions of a witness "may be taken only when ordered," and "the Commission may make an order requiring a person to produce designated documents . . . for inspection "). Under the Oklahoma Administrative Procedures Act, 75 O.S. 1991 and Supp. 1996, §§ 250-323, an "order" is defined as "all or part of a formal orofficial decision made by an agency." 75 O.S. Supp. 1996, § 250.3[75-250.3](5) (emphasis added). The Commission is required to comply with this definition of the term "order." Id. § 250.4(A)(2). A valid Commission order, therefore, requires a formal or official "decision" reached, pursuant to Article IX, § 18a(B), through the concurrence of a majority of the Commission.
[5] Under Article IX, § 19, the Commission has the power of a court of record "to compel the attendance of witnesses, and the production of papers . . . and to enforce compliance with any of its lawful orders or requirements. . . . Any corporation failing or refusing to obey any valid order or requirement of the Commission . . . may be fined by the Commission." Okla. Const. art. IX, § 19.
[6] "The commissioners, or either of them . . . shall have the right, at such times as they may deem necessary. . . ." Okla. Const. art. IX, § 18 (emphasis added).
[7] The Commission's own rules, which have the force and effect of law, Henry v. Corporation Commission, 825 P.2d 1262, 1267
(Okla. 1990), are consistent with this interpretation of Section 28. The Commission's rules require "[a]n order of the Commission commencing a cause," OAC 165:5-7-1(b)(3), and the issuance of an order requires the concurrence of a majority to be valid. Seesupra note 4. Even if an individual commissioner obtains the concurrence of a majority to issue an order of the Commission merely commencing an inspection and examination, an individual commissioner cannot use Section 28 to punish, unilaterally, a public utility for noncompliance in such a cause. See supra
note 5 and accompanying text discussing procedural due process requirements. Any enforcement of an inspection and examination conducted by an individual commissioner, even if initiated as prescribed by the Commission's rules, can be done only by an act of the Commission as a composite body after notice and hearing.
[8] But see supra note 7 (discussing enforcement of an inspection and examination conducted by an individual commissioner even if initiated by a concurrence of a majority of the Commission).
[9] See supra note 2.
[10] Pursuant to Okla. Const. art. IX, § 25, the Commission is required to submit annual reports to the Governor of its proceedings and to recommend legislation.
[11] Cf. State v. Public Service Commission, 552 S.W.2d 696,700-01 (Mo. 1977) (holding, under a different statutory scheme, that "while individual commissioners may hold `investigations, inquiries and hearings,' the final act must be that of the commission as a body at a meeting attended by a quorom").