## B. F. WHITMORE v. STATE.

No. A-8303.  April 9, 1932.
Rehearing Denied May 7, 1932.
(10 Pac. [2d] 291.)

Jas. A. Embry, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Lincoln county of the crime of manslaughter in the second degree, and his punishment fixed by the jury at a fine of $500, and imprisonment in the county jail for a period of 90 days.

Defendant contends first that the verdict and judgment is not sustained by sufficient evidence, and is contrary to the law and to the court's instructions.

The evidence of the state was that defendant, while intoxicated, drove his truck on the wrong side of the highway and struck the car of one Clay Davidson, notwithstanding the fact that Lowell Davidson, who was driving the car, drove it half way off the pavement on his side of the road in an attempt to avoid being struck by defendant's car. Lowell Davidson was killed as a result of his car being struck by the one driven by defendant.

Instead of the evidence of the state being insufficient to support the verdict of the jury, it was ample to justify

a verdict of murder. Drunken driving can never be stopped until jurors do their full duty under the law and the evidence. The degree of guilt found in this case and the punishment fixed by the jury outrages public justice, and is an invitation to drunken drivers to continue their unlawful course at the expense of human life.

Defendant next complains that the court erred in its instructions to the jury. There is no merit in this contention.

Defendant next contends that the court erred in overruling his motion for a new trial. This contention is equally without merit.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.