STATE ex rel. WESTBROOK v. OKLAHOMA PUBLIC WELFARE COMM. et al.

No. 32193. March 19, 1946.

*167 P. 2d 71.*

W. A. Barnett, of Okmulgee, for plaintiff in error.

William M. Franklin, Attorney for the Department of Public Welfare, Randell S. Cobb, Atty. Gen·, and Fred Hansen, First Asst. Atty· Gen., for defendants in error.

BAYLESS, J. This appeal from the superior court of Okmulgee county by George V. Westbrook involves the correctness of that court's order refusing his petition for a writ of mandamus directed to Oklahoma Public Welfare Commission and County Assistance Board of Okmulgee County. Westbrook instituted the action on relation of the State of Oklahoma, for the purpose of having reviewed and overruled the decisions of the defendant agencies removing his name from the list of those entitled to old age assistance and refusing his application to be restored to that list. The trial court upheld defendant's contention, which defendants also urge here, that the decision of those agencies were final on questions of fact, and no court is authorized to review those decisions to weigh the evidence. The defendants also urge that their decisions were based upon evidence and involved the exercise of their discretion, and, therefore, mandamus is not available under the circumstances. 40 Am. Jur. 993, § 40. Westbrook answers that this last argument by asserting that the decisions were arbitrary and capricious in view of the evidence he submitted.

We would not have reviewed the record upon which the defendants acted were it not for this last argument. Mandamus is not proper unless there is a clear legal right for which the law provides no remedy, Reisinger v. Hurst, 163 Okla. 92, 20 P. 2d 1040, or there is arbitrary or capricious action under the guise of the exercise of discretion that amounts to an abuse of discretion, State ex rel. v. Walker, 168 Okla. 543, 35 P. 2d 269. Upon consideration of the rec-

ord, we are of the opinion that it would support an order in favor of or against Westbrook, and therefore, there is no abuse of discretion.

It is conceded by Westbrook that the act under which these defendants operate makes the decision of the state agency final on issues of fact on appeal to it, 56 O. S. 1941 § 168, and that the law contains no provision for an appeal from that decision. Upon this premises, Westbrook bases his contention that he is without adequate remedy and is thus entitled to apply for the extraordinary writ he sought.

Westbrook contends that the act is unconstitutional because it violates section 6, art. 2, Constitution of Oklahoma, providing that the courts shall be open to every person, and speedy and certain remedy afforded. In addition, he contends that section 1, art. 4, Constitution of Oklahoma, is violated in that the exclusive jurisdiction attempted to be vested in these agencies contravenes the scheme for the separation of the powers of the departments of the state government. There is nothing in the Federal Constitution to prevent the establishment of boards or tribunals or agencies for administrative purposes with power to make final decisions on legal questions. Reetz v. Michigan, 188 U. S. 505, 47 L. Ed. 563. The same rule has been applied in Oklahoma with respect to the power of the district courts, on appeal from orders of the county superintendent of schools relating to changes in boundaries of school districts. Heubert v. Keen, 190 Okla. 655, 127 P. 2d 180, and School District No. 37 v. Latimer, 190 Okla. 620, 126 P. 2d 280.

Under 59 O. S. 1941 will be found several articles dealing with the licensing of the right to practice trades or professions in Oklahoma. In section 99, dealing with barbers, there is no right of judicial review provided, and we observe that in the several cases of civil and criminal nature that have been contested for the purpose of attempting to establish the unconstitu-

tionality of this act, no attack was made upon it on this basis. It is to be observed also that in section 499, dealing with the practice of medicine, the decision of the board is made final and not subject to judicial review on the questions of fact involved and no one has taken occasion to contest the issue of constitutionality.

It is to be noticed also that this rule carries over into the field of pensions or gratuities or privileges, into which class Westbrook's claim falls, and the constitutionality of statutes denying judicial review of the findings of fact of the boards or administrative agencies is invariably upheld. 48 C. J. 786 et seq.; 40 Am. Jur. 992, § 39, and footnotes; and Am. Dig. (West) Pensions, Key No. 7. The Supreme Court of the United States pointed out the difference between the rights of a claimant for a pension or gratuity or other privilege not supported by a consideration passing from him to the sovereign and other rights which were referred to as vested because supported by a consideration. In Lynch v. United States, 292 U. S. 571, 78 L. Ed. 1434, the court had under consideration a suit on a policy of war risk insurance, and it was held that this policy amounted to a vested right since it was supported by a consideration passing from the soldier to the government, and the fact that this consideration might be inadequate or the overall purpose was benevolent would not serve to transfer this vested right into a pension or gratuity or privilege. The court said gratuities "involve no agreement of parties; and the grant of them creates no vested right." See, also, Criswell v. Board, 93 Wash. 468, 161 P. 361; Helms v. Alabama, 231 Ala. 183, 163 So. 807, and other cases. The decision in Re Gruber, 89 Okla. 148, 214 P. 690, did not rest upon the establishment of this rule, but in discussing the issue presented there this court stated that as a matter of right no appeal from the decision of a municipal pension board existed unless expressly established by law, and in so doing referred to some of the cases

covered in the footnotes of the digests above mentioned. The controlling idea seems to be if a government sets up provision for a gratuity or bounty that is given as a matter of grace within the conditions specified, it has full power to create or to vest in an existing administrative agency authority to determine whether the conditions are met as a matter of fact that to deny resort to judicial review as a matter of right. It has acted within the Constitution if it provides a reasonable method for ascertaining whether the conditions have been met as a matter of fact, and such method applies to all alike.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. RILEY, J., concurs in conclusion.