## McDONALD

v.

## OKLAHOMA REAL ESTATE COMMISSION.

### No. 36221.

Supreme Court of Oklahoma.

March 2, 1954.

Rehearing Denied March 30, 1954.

A. B. McDonald, pro se.

Keaton, Wells, Johnston & Lytle, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

This is an appeal by A. B. McDonald, as plaintiff in error, from a judgment of the District Court of Oklahoma County, denying him a writ of mandamus to compel the Oklahoma Real Estate Commission, defendant in error, to accept and approve a real estate license bond in form other than that required by the rules and regulations adopted by the Commission. The parties will be hereafter referred to as they appeared in the trial court.

· It is agreed that the only issue involved is whether defendant acted arbitrarily in promulgating and adopting a rule requiring all licensees to secure and file a surety company bond as a precedent to obtaining a real estate broker's license. Section 848, Title 59, O.S.1951, which requires a surety bond, reads as follows:

Applications for licenses shall be in writing, on blanks furnished by the Commission, accompanied by such information and recommendations as it may require. The Commission shall issue to each licensee a license in such form as shall be prescribed by it.

· "The Commission shall not issue any real estate broker's license or real estate salesmen's license until the applicant therefor has filed with the Commission a Surety Bond in the sum of One Thousand Dollars ($1,000.00) in a form and with sureties approved by the Commission which bond shall provide that the obligor therein will pay to the extent of One Thousand Dollars ($1,000.00) any judgment which may be recovered against such licensee for loss or damages arising from his activities as such a real estate salesman or real estate broker."

The record discloses that plaintiff tendered to the Commission a surety bond signed by an individual person as surety. This bond was rejected for the sole reason that the surety thereon was an individual and not a surety bonding company as provided by its rule. The trial court found that the rule of the defendant requiring a surety company bond in such case was not arbitrary and refused to issue the writ of mandamus.

 Requisites for a Writ of Mandamus are a clear legal right on plaintiff's part and a plain legal duty on respondent's part, wherein there is not involved exercise of discretion. State Hy. Comm. v. Green-Boots Const. Co., 199 Okl. 477, 187 P.2d 209, and cases cited therein.

■ There was no discretion on the part of the Commission as to whether the "surety" under Section 848, supra, be an individual, or a surety bonding company. To declare by a rule that only bonds signed by a surety bonding company would be accepted by the Commission was not an act of discretion but was an arbitrary act contrary to the plain terms of Section 848, supra, and incompatible with the provisions of the Act.

■ It is argued, however, by defendant that it was not arbitrary in requesting a surety company bond from all licensees in order that the public might be fully protected against any defalcation on the part of any licensee. This argument may be persuasively true, but nevertheless, it was a legislative matter for the legislature to determine. The legislature could have provided that a "Surety" on such bonds must be a surety bonding company, but since it did not, the proffered bond in the absence of other objections, should have been approved by the defendant.

The judgment is reversed with directions to proceed in accordance with the views herein expressed.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.