The STATE of Oklahoma, ex rel. Ronald E. WORTHEN, District Attorney of the Twentieth Judicial District, Petitioner,

v.

Thomas S. WALKER, Associate District Judge of the Twentieth Judicial District, Respondent.

No. P–83–21.

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1983.

ORDER DECLINING ORIGINAL JURISDICTION AND DISMISSING PETITION FOR WRITS OF PROHIBITION AND MANDAMUS

Hank Lee Ussery was charged with Murder in the First Degree in Carter County District Court Case No. CRF–82–156. The trial court submitted the case to the jury with instructions on first degree murder and first degree manslaughter committed in

---

the heat of passion. The jury convicted appellant of manslaughter and assessed punishment at life imprisonment. The trial judge then granted appellant's motion for new trial on the ground that the verdict was contrary to the evidence. The judge reasoned that the evidence was insufficient to establish that appellant acted in the heat of passion.

The District Attorney has petitioned this Court for writs of prohibition and mandamus to overturn the new trial order. His petition is based on the assertion that the evidence was in fact sufficient to support a finding that the homicide was committed in the heat of passion, especially in light of *Morgan v. State,* 536 P.2d 952 (Okl.Cr.1975). The District Attorney contends that the same evidence which necessitated a self-defense instruction in the instant case also supported the manslaughter instruction and verdict.

 The District Attorney thus asks us to review the trial judge's determination that the evidence was insufficient in this respect. However, a motion for new trial on the allegation that the evidence does not support the verdict of the jury is addressed first to the sound discretion of the trial court. *Whitmore v. State,* 53 Okl.Cr. 251, 10 P.2d 291 (1932). The writ of mandamus cannot be used to control judicial discretion. *State Ex Rel. Boatman v. Payne,* 97 Okl.Cr. 48, 257 P.2d 842 (1953). Where the act complained of rests in the exercise of judicial discretion, the remedy of mandamus fails. *Alford v. Carter,* 504 P.2d 436 (Okl. Cr.1972). The exercise of judicial discretion cannot be reviewed or corrected by mandamus, even though there is no remedy by appeal. *State Ex Rel. Boatman v. Payne,* supra.

Similarly, the writ of prohibition may not issue to prevent inferior courts from erroneously exercising jurisdiction, but only to prevent proceedings as to which the inferior tribunal is wholly without jurisdiction. *Elliott v. Mills,* 335 P.2d 1104 (Okl. Cr.1959); *Burns v. District Court of Oklahoma County,* 335 P.2d 923 (Okl.Cr.1959); *Sanders v. Oliphant,* 351 P.2d 1080 (Okl.Cr. 1960).

Careful review of the briefs and the record, and the arguments of the parties at the oral argument on the petition, leads us to conclude that, at best, the State alleges mere error in the exercise of discretion by the trial court. Accordingly, we decline to assume original jurisdiction. The petition for writs of prohibition and mandamus is DISMISSED.

SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 2nd day of September, 1983.

> HEZ J. BUSSEY, P.J.
> TOM R. CORNISH, J.
> TOM BRETT, J.