OKLAHOMA GAS & ELECTRIC
COMPANY, Petitioner,

v.

The DISTRICT COURT, FIFTEENTH JUDICIAL DISTRICT, State of Oklahoma, CHEROKEE COUNTY and the Honorable William H. Bliss, District Judge, Respondents.

No. 72037.

Supreme Court of Oklahoma.

Dec. 12, 1989.

**62**

Rod L. Cook, Roberta Browning Fields, Rainey, Ross, Rice & Binns, Oklahoma City, for petitioner-defendant below.

Harry Scoufos, Sallisaw, for George Baine, respondent-plaintiff below.

Harvey Chaffin, Tahlequah, for Dane Scott Knight, respondent-plaintiff below.

OPALA, Vice Chief Justice.

The issue tendered for our decision is whether a writ of mandamus should issue directing the trial court to permit the defendant-petitioner to amend its answer. The purpose of the proposed amendment is to assert a counterclaim for contribution against the plaintiff in an action consolidated for purposes of trial with another cause in which the plaintiff stands as an alleged joint tortfeasor and which arose out of the same occurrence.

Because a writ of mandamus may not issue where an adequate remedy at law

exists, we initially address the consequences of the trial court's refusal to permit the proposed amendment. The *dispositive question* is whether a claim for contribution is a *compulsory* counterclaim or whether it becomes *compulsory* as a result of consolidation. If deemed compulsory, the failure to assert the right of action in the present case would be a bar to its subsequent assertion, thus effectively denying petitioner an adequate remedy at law.

We hold that *a claim for contribution is not inherently compulsory;* the procedural act of consolidating two cases for trial cannot transform the character of a claim for contribution into one of a compulsory nature, which would militate in favor of granting mandamus. The right of contribution may be pressed *before judgment* in the underlying cause of action as either a *permissive* counterclaim, crossclaim, or in the case of an impleader, as a claim against a third-party defendant. The fact that a right of contribution may not "accrue" as a claim prior to judgment, does not alone stand as a barrier to its *pre-judgment* assertion.

### FACTS

The present dispute arises from an accident which occurred when a light plane operated by Dane Knight [Pilot] struck a stationary, electrical transmission powerline owned by Oklahoma Gas & Electric Company [Electric Company]. The plane crashed, injuring the Pilot and a passenger, George Baine [Passenger]. Each filed a separate lawsuit in the same court to recover for their injuries to the body.

The Pilot asserted a claim against Electric Company, alleging negligence in the construction and maintenance of the powerline.[1] The Passenger pressed his action against Electric Company (pleading negligent placement and design of the powerline), against the owner of the plane (alleging "negligent entrustment" of the plane to the Pilot) and against the Pilot (asserting

---

**1.** The Electric Company did not, either in its answer or at any time during the course of the Pilot's case (until the motion resulting in this proceeding), attempt to assert a counterclaim against the pilot for contribution or for any other demand.

negligent operation of the airplane). The Pilot and owner of the plane were subsequently dismissed from the Passenger's action, apparently before the Electric Company ever attempted to assert a crossclaim against its then co-defendants.

More than two years after commencement of Passenger's suit and after the Pilot's dismissal, Electric Company attempted to assert an action for contribution against Pilot by seeking to implead Pilot into the Passenger's lawsuit as a third-party defendant. While the trial court initially granted *ex parte* Electric Company's motion to add a third-party defendant, the court vacated that order upon Passenger's objection.[2] Subsequently, the Electric Company reurged its motion to implead the Pilot as a third-party defendant, which motion was taken under advisement. No ruling on the motion had been made when this proceeding for mandamus was brought in this court.

Once the two cases were at issue, the trial court entered its order consolidating them for purposes of trial. Electric Company then moved for leave to amend its answer in order to press a counterclaim against the Pilot, arguing that the consolidation of the two cases had converted its claim for contribution into a *compulsory* counterclaim. The trial court refused to permit the requested amendment of the pleadings. Electric Company now seeks this court's command by a prerogative writ that would permit its assertion of the proffered contribution counterclaim.

## I

## THE STANDARD REQUISITES FOR ISSUANCE OF A WRIT OF MANDAMUS

Mandamus is a remedy of an extraordinary nature.[3] Its issuance is authorized by statute.[4] As the provisions of 12 O.S.1981 § 1452 make clear, mandamus may be issued only in situations where there exists no "plain and adequate remedy in the ordinary course of the law."[5] The party seeking the writ must possess a "clear legal right" to the relief sought; the respondent must have a "plain legal duty"; and the "exercise of discretion" may not be implicated.[6]

Application of the requisites to the issuance of a writ of mandamus counsels here that the writ should not issue if the trial court's denial of permission to assert the counterclaim (1) was within its discretion, (2) does not result in the deprivation of a "clear legal right" inuring to the benefit of the Electric Company, and (3) absent the writ's command, an "adequate remedy in the ordinary course of law" is available.[7]

2. Passenger's objection urged that Electric Company's claim against the proposed third-party defendant Pilot was time barred. Specifically, Passenger alleged Electric Company's claim against the third-party defendant was not proposed until well after expiration of the applicable statute of limitation. The trial court vacated its order upon receipt of the Passenger's objection. While the court did not state its reasons for doing so, it intimated that the *ex parte* nature of the decision prompted its action.

3. *Hall v. Goodwin*, Okl., 775 P.2d 291 [1989]; *Draper v. State*, Okl., 621 P.2d 1142, 1147 [1980] citing *Witt v. Wentz*, 142 Okl. 128, 286 P. 796, 797 [1930]; *McDonald v. Ok Real Estate Comm'n*, Okl., 268 P.2d 263 [1954]; *State v. Ok Public Welfare Comm'n*, 196 Okl. 586, 167 P.2d 71 [1946]; and *Woolen v. Coffman*, Okl.Cr.App., 676 P.2d 1375, 1377 [1984].

4. 12 O.S.1981 §§ 1451, 1452.

5. "This writ may not be issued in any case where there is a plain and adequate remedy in

the ordinary course of the law." 12 O.S.1981 § 1452.

6. *McDonald v. Ok Real Estate Comm'n, supra* note 3 at 264. The language of the authorizing statute itself precludes the issuance of a writ of mandamus to "control judicial discretion." 12 O.S.1981 § 1451. *See also State ex rel. Worthen v. Walker*, Okl.Cr.App., 668 P.2d 1174 [1983]; and *State ex rel. Clifton v. District Court of Pottawatomie County*, Okl.Cr.App., 491 P.2d 366 [1971].

7. Three requisites must coincide to warrant the issuance of mandamus: (1) a clear legal right vested in the petitioner; (2) refusal to perform a plain legal duty which does not involve the exercise of discretion, and (3) adequacy of the writ and inadequacy of other relief. *Draper v. State, supra* note 3 at 1147; *McDonald v. Ok Real Estate Comm'n, supra* note 3 at 264; and *Woolen v. Coffman, supra* note 3 at 1377.

Electric Company argues that its contribution counterclaim is *compulsory* and that its compulsory nature makes the relief sought by the writ essential.

Failure to plead a compulsory counterclaim prevents a party from bringing a later independent action on that claim.[8] Consequently, a trial court's denial of permission to amend an answer for purposes of pressing a compulsory counterclaim would effectively preclude the defendant from subsequently asserting it. From these precepts it follows that a defendant has a "clear legal right" to assert a compulsory counterclaim, and a court has a "plain legal duty" to allow its interposition. Moreover, failure to permit the assertion of such a claim would effectively preclude an "adequate remedy in the ordinary course of law." Accordingly, *only* if Electric Company's contribution counterclaim *is compulsory* may relief by mandamus be warranted.[9]

**8.** Wright & Miller, 6 Federal Practice & Procedure § 1417 (1989 Supp.). Because Oklahoma's compulsory counterclaim rule, 12 O.S.Supp. 1988 § 2013(A), parallels exactly the language of Rule 13, Fed.R.Civ.P., the law interpreting the corresponding Federal Rule is instructive. *See Gay v. Akin*, Okl., 766 P.2d 985, 990 [1988]; and *Laubach v. Morgan*, Okl., 588 P.2d 1071, 1073 [1978]. "A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim." Wright & Miller, 6 Federal Practice & Procedure § 1417, at 94 [1971]. The Committee Comments to Oklahoma's compulsory counterclaim provision, 12 O.S.Supp.1988, § 2013, recognize this general rule: "If a pleader fails to assert a compulsory counterclaim he cannot use it as the basis of an independent suit." See Fraser, *Counterclaims, Cross–Claims, and Third–Party Claims Under the Oklahoma Pleading Code*, 39 Okla.L.R. 1 [1986].

**9.** If the contribution counterclaim is deemed *permissive, see* 12 O.S.Supp.1988 § 2013(B), its allowance is within the trial court's discretion. Mandamus may not issue to require assertion of a discretionary matter. *See supra* note 6.

**10.** The terms of 12 O.S.Supp.1988 § 2013(A) provide: "[a] pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudi-

## II

## A CLAIM FOR CONTRIBUTION IS NOT A COMPULSORY COUNTERCLAIM

■ The terms of 12 O.S.Supp.1988 § 2013[10] make compulsory "any claim which at the time of serving the pleading the pleader has against the opposing party, if it arises out of the [same transaction or occurrence]."[11] The purpose of a statute relating to the joinder of all claims arising from the same transaction or occurrence, such as § 2013(A), is to prevent multiplicity of litigation over related claims.[12] In view of the beneficent purposes served by this statute, the court is not justified in hindering its use by an overly restrictive construction.[13] With this rule of construction in mind, we next consider whether the demand for contribution is a compulsory counterclaim.

Section 2013(A) specifies two predicates which define a compulsory counterclaim:

cation the presence of third parties of whom the court cannot acquire jurisdiction...."

**11.** 12 O.S.Supp.1988 § 2013(A). This section *changes* previous Oklahoma law by requiring a defendant to assert any claim he has against any opposing party that arises out of the transaction or occurrence which is the subject matter of the opposing party's claim. Committee Comment to § 2013. *See, e.g., Johnson v. Southwestern Battery Co.,* Okl., 411 P.2d 526, 529 [1966]; and *Meyer v. Vance,* Okl., 406 P.2d 996, 999 [1965] (in the absence of a compulsory counterclaim statute, the defendant's failure to assert the counterclaim did not preclude a separate action against plaintiff on a claim which could have been asserted as a counterclaim.)

The purpose of a compulsory counterclaim is explained in *Southern Construction Co. v. United States,* 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 [1962], where the court stated:

The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.

**12.** *Chicago, Rock Island & Pacific R. Co. v. Davila,* Okl., 489 P.2d 760, 763 [1971] (interpreting 12 O.S.Supp.1963 § 323, the immediate predecessor to Oklahoma's new permissive joinder statute, 12 O.S.Supp.1984 § 2014).

**13.** *Chicago, Rock Island & Pacific R. Co. v. Davila, supra* note 12, at 763.

(1) a "claim," and (2) the claim must arise out of the "same transaction or occurrence." That the "same transaction or occurrence" is involved here is not in dispute. The controversy centers on the first element of a "claim."

Pilot and Passenger urge that the contribution claim cannot be deemed a compulsory counterclaim since, in order to be deemed compulsory, it must be in "actual existence, as distinguished from inchoate or potential existence." In support of this contention, Pilot and Passenger urge that the contribution claim does not *accrue* until after a final judgment has been rendered against the joint tortfeasors. According to respondents' view, because the claim has not yet accrued, it is not yet in "actual existence," and hence cannot be asserted as a compulsory counterclaim.[14]

In Oklahoma, the right of contribution among joint tortfeasors is statutorily created and exists "even though judgment has not been recovered against all or any of them." 12 O.S.Supp.1988 § 832(A).[15] While the statute provides that the "right" of contribution exists *anterior to judg-*

ment, it leaves unanswered the question of *when* this "right" ripens into a cognizable "claim" which stands "accrued" and which may be pressed as a cause of action against a joint tortfeasor.[16] Our extant jurisprudence will guide our resolution of this question of first impression in Oklahoma.

This court has considered in *Chicago, Rock Island & Pacific R. Co. v. Davila*[17] the related question whether the nonaccrual of a claim for *indemnity* may be asserted anterior to judgment. While our consideration of the question in *Davila* required an interpretation of the predecessor enactment to the present permissive joinder statute,[18] its teachings and import are instructive. There, we concluded that the defendant was entitled to join, as a third-party defendant, a contractual indemnitor who had by contract agreed to indemnify the defendant against certain claims. We reached this conclusion despite the fact that the contractual indemnitor could not be required to reimburse the defendant until after a judgment had been rendered against the defendant.[19] There, as here, the proposed joinder did "not alter substantive rights, but merely avoid[ed] a circuity

**14.** Respondents cite *Universal UIC v. Security Industries, Inc.,* 391 F.Supp. 326 [W.D.Wash. 1974], in support of their view that because the contribution counterclaim has not "accrued," it may not be asserted. Universal UIC held that a defendant's claim to recover attorney's fees and investigation costs in an action asserted against it was not a compulsory counterclaim. There, the claim arose out of *commencement of the action* as opposed to arising out of the "same transaction or occurrence."

**15.** The terms of 12 O.S.1981 § 832(A) provide: "When two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them except as provided in this section."

**16.** Subsection (B) of Section 832 suggests that the right of contribution *becomes actionable* only after one tortfeasor has paid more than his pro rata share of the common liability. Subsection (B) provides: "The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability."

**17.** *Supra* note 12.

**18.** In *Chicago, Rock Island & Pacific R. Co. v. Davila, supra* note 12, the dispositive question was whether a defendant in a negligence tort action could implead its contractual indemnitor as a third-party defendant for the purposes of litigating an indemnification claim. The question required the interpretation of the language of 12 O.S.Supp. 1963 § 323, which permitted joinder by a defendant of "any person who is liable [on the claim asserted against the defendant]." There, we held that the phrase did "not operate to limit impleader ... to those persons who are 'actionably liable' at the time the third party claim is sought to be litigated but includes also those persons who 'may be liable.'" *Chicago, Rock Island & Pacific R. Co. v. Davila, supra* at 764. Section 323 was subsequently replaced by the 1984 Pleading Code, 12 O.S.Supp.1984 § 2014.

**19.** "No judgment need be rendered against the indemnitor ... until the indemnitee ... has established to the court's satisfaction that the judgment against it in favor of plaintiff has been satisfied. This is a common practice in federal courts when the third-party defendant is shown to be an indemnitor against loss rather than one against liability." *Chicago, Rock Island & Pacific R. Co. v. Davila, supra* note 12 at 764.

of actions and secur[ed] a prompt determination of rights and liabilities of the parties in a single cause." [20]

■ The federal jurisprudence is also instructive in its teachings that address the question of accrual of the right of contribution. While generally the issue arises in the context of a proposed third-party action pursuant to Rule 14,[21] the majority of courts permit *the assertion of a right of contribution before judgment.*[22] A distinction is drawn between the ability to assert a cause of action for contribution and the accrual of the claim for contribution.[23] We hence hold *that the fact that the right of contribution has not yet accrued does not bar its assertion before judgment.*[24] Respondents' argument that the nonaccrual of the contribution claim precludes its characterization as a compulsory counterclaim is rejected.

■ We also reject Electric Company's assertion that the act of consolidating the two cases rendered the contribution counterclaim compulsory. Consolidation for purposes of trial is a procedural mechanism to enhance the efficiency of judicial process and its economy.[25] Although procedurally, the two cases are, from the date of the consolidation order handled thenceforth as one proceeding, the cases remain substantively separate and distinct. The procedural act of consolidation cannot alter the parties' substantive rights, nor can this device blur the parties' identities and their respective causes of action.[26]

A more persuasive reason which compels today's conclusion that a counterclaim for contribution cannot be deemed compulsory flows from the general rule that if a compulsory counterclaim is not plead, its assertion is forever barred. *This directly contradicts the notion of contribution.* The consequence of deeming a claim for contribution compulsory would be to require its assertion in the underlying suit, and, in the event of its failure to be plead, to effectively bar a defendant from asserting it in a separate action after judgment. This result is inconsistent with existing jurisprudence and with the statutory sanction for the right of contribution. Both the decisional law and the Pleading Code envision that the right of contribution *will be asserted after* the entry of a judgment against a joint tortfeasor or *after* the pay-

---

**20.** *Chicago, Rock Island & Pacific R. Co. v. Davila, supra* note 12 at 765.

**21.** *See* 12 O.S.Supp.1984 § 2014.

**22.** "Rule 14 [accelerates] thé right of contribution among joint tortfeasors even though such right is "inchoate, unascertainable and contingent until [the joint tortfeasor] pays more than his proportionate share of the common liability." 3 Moore's Federal Practice ¶ 14.08 at 52 [2d ed. 1989]. "Decisions denying impleader on the theory that Rule 14 cannot accelerate a joint tortfeasor's right of contribution would seem to be wrongly decided insofar as they rest on that ground alone." *Supra* at n. 7.

**23.** *See, e.g., Mason v. F. Lli Luigi & Franco Dal Maschio,* 832 F.2d 383 [7th Cir.1987], *citing Stephens v. McBride,* 105 Ill.App.3d 880, 887, 61 Ill.Dec. 673, 678, 435 N.E.2d 162, 167 [1982], *aff'd* 97 Ill.2d 515, 74 Ill.Dec. 24, 455 N.E.2d 54 [1983]. *See also Union Paving Co. v. Thomas,* 9 F.R.D. 612, 613 [E.D.Penn.1949] (failure of one joint tortfeasor to implead other joint tortfeasors into the underlying lawsuit does not bar a subsequent action for contribution).

**24.** The right of contribution may be asserted before judgment as a permissive counterclaim, crossclaim, or in a third party action. See the provisions of 12 O.S.Supp.1988 § 2013(B)2, which make contingent counterclaims permissive, effective Nov. 1, 1988. The cited statute provides:

A pleading may state as a counterclaim against an opposing party a contingent claim that the opposing party may be liable to the counterclaimant for all or part of a claim asserted in the action against the counterclaimant.

**25.** 12 O.S.Supp.1984 § 2018(C) provides for the consolidation of "actions involving a common question of law or fact," and authorizes the issuance of orders "concerning proceedings therein as may tend to avoid unnecessary costs or delay."

**26.** Even if the act of consolidation were to implicate Section 2013(A), Electric Company's contribution claim would distinguish itself as an exception. Section 2013(A) excepts from the mandatory pleading requirement any claim (which would otherwise be deemed compulsory) which does not exist *"at the time of serving the [responsive] pleading."* Indisputably, the act of consolidation here occurred well *after* "the time of serving the [responsive] pleading." Thus, even if the act of consolidation could render the contribution counterclaim compulsory, it would be exempt from the mandatory pleading regime.

ment by one joint tortfeasor of more than its pro rata share.

## CONCLUSION

██ Contribution among joint tortfeasors is a right which exists "even though judgment has not [yet] been recovered against [the joint tortfeasor]."[27] *The fact that a claim for contribution may not accrue until the judgment's rendition does not bar the earlier assertion of the claim.* The right of contribution may be asserted *before judgment* as either a permissive counterclaim, crossclaim, or as a third-party action. Although Electric Company's claim for contribution may be pressed as a counterclaim, it may also be advanced in a subsequent postjudgment action. The claim for contribution is not a compulsory counterclaim, nor does the denial of leave to assert it in the underlying action deprive the Electric Company of a "clear legal right." There is no warrant here for any relief by mandamus.[28]

WRIT DENIED.

HARGRAVE, C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur. ALMA WILSON, J., concurs in result.

---

**27.** 12 O.S.1981 § 1452.

**28.** In denying its request for writ of mandamus, we note that Electric Company is not required to pursue its contribution claim in a subsequent action in the event of an adverse judgment. Rather, upon remand, Electric Company may request a ruling on its pending motion to add a third-party defendant in Passenger's case for the purpose of asserting its contribution claim against Pilot in reliance on today's holding that a claim for contribution *may be pressed before judgment.* While leave to implead lies within the trial court's discretion, impleading Pilot in Passenger's case is permissible. The fact that an action for contribution may not "accrue" until rendition of judgment against the joint tortfeasor does not preclude assertion of the claim. Nor is Electric Company's claim for contribution against Pilot precluded by the applicable statute of limitation since, at least for purposes of triggering the statute of limitation, a contribution claim is not deemed to accrue until the judgment against the joint tortfeasors has been

rendered. See in this connection, *Travelers Ins. v. L.V. French Tr. Serv.,* Okl., 770 P.2d 551, 555–556 [1988]. Electric Company's pending motion to implead Pilot was made pursuant to § 2014 which is identical in terms of both language and import to Rule 14, Federal Rules of Civil Procedure. Accordingly, the teachings of the federal jurisprudence are instructive. *See Laubach v. Morgan, supra* note 8; and *Gay v. Akin, supra* note 8. "The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant." 3 Moore's Federal Practice ¶ 14.04. A § 2014 impleader action is an appropriate mechanism for pressing a claim for contribution among joint tortfeasors.