Liesa K. NICHOLS, Appellee,

v.

Jackie W. NICHOLS, Appellant.

No. 79,383.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 16, 1993.

Marshall K. Dyer, Broken Arrow, for appellant.

Richard O'Carroll, Cummings and Associates, Tulsa, for appellee.

MEMORANDUM OPINION

ADAMS, Presiding Judge:

Jackie Nichols (Appellant) appeals a trial court order denying his request to set aside

an income assignment issued pursuant to 12 O.S.1991 § 1171.3. Although served with notice of Appellee's request for the assignment, including notice of the child support arrearage claimed by Appellee, Appellant did not request a hearing. After his employer received the notice of income assignment provided in § 1171.3(E), Appellant obtained a temporary order staying the effect of the assignment, but that temporary order was dissolved after hearing. Appellant then filed a motion to set the assignment aside, claiming he had a "waiver" defense to his child support obligation. The trial court denied that motion.

On appeal, Appellant argues the trial court had the equitable power to set aside what he argues was a "default judgment", and should have done so in this case. However, Appellant's argument does not give sufficient effect to the legislative language indicating a specific intent that the income assignment be mandatory unless a hearing is timely requested. Section 1171.3(B)(1)(b) requires that the child support obligor be notified the income assignment requested "will become effective unless" the obligor timely requests a hearing. The notice Appellant received contained the required statutory language.

In addition, § 1171.3(D) provides that "the court shall send a notice of the income assignment ... to effectuate the assignment," if a hearing is not timely requested. The language chosen by the Legislature connotes a command, and leaves no discretion in the trial court to ameliorate the effects of the obligor's default. *See Morton v. Adair County Excise Board,* 780 P.2d 707 (Okla.1989). The trial court did not err in issuing the income assignment or refusing to consider Appellant's belatedly filed request for a hearing.

AFFIRMED.

GARRETT and JONES, JJ., concur.