Jim LaRUE, Carol LaRue, Jack Tracy, and Cheryl Tracy, Plaintiffs/Appellants,

v.

NOBLE INDEPENDENT SCHOOL DISTRICT NO. 40; Board of Education of Noble Independent School District No. 40; Randy Kersey; Chyrel Peters; David Keating; Jeanete Smith; and Ray Philpot, Defendants/Appellees.

No. 88635.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 29, 1997.

Richard L. Denney, Denney & Barrett, P.C., Norman, for Plaintiffs/Appellants.

Blake Virgin, and Michelle Wofford Birney, Norman, for Defendants/Appellees.

## OPINION

ADAMS, Chief Judge.

¶1 In early October of 1996, Defendant/Appellee Noble Independent School District No. 40 (School) suspended two students for alleged violations of what Plaintiffs/Appellants characterize as a "zero tolerance" drug policy. Under that policy, any student discovered in possession of any controlled substance or "drug paraphernalia" was to be suspended for the remainder of the semester. Parents of both students sued School and the remaining defendants (members of the Noble School Board) alleging that the suspensions violated Oklahoma law and that their children's due process rights had been violated. The petition requested injunctive relief requiring the students to be restored to school attendance, damages, and attorney fees.

¶2 After an evidentiary hearing on the request for injunctive relief, the trial court entered an order which concluded School's policy did not violate Oklahoma law and that the students' due process rights had not been violated. The trial court further concluded that one of the students, Travis Tracy, had not violated the policy and granted the requested injunctive relief. As to the other student, Jordan LaRue, the trial court concluded that the suspension was justified. All of the damage claims remain pending in the trial court.

¶3 The Oklahoma Supreme Court has previously ordered that this appeal "shall proceed as an appeal from an interlocutory order appealable by right. See Rules 1.60, *et seq.* of the Oklahoma Supreme Court Rules."[1] After review of the cited rule, we can only conclude that the Court limited the scope of this appeal to the trial court's orders denying or granting injunctive relief.[2]

¶4 Because we noted that the trial court had granted the injunctive relief requested by the Tracys, we ordered them to show cause why their appeal of the order granting that injunction should not be dismissed. Because we noted that the suspension which the LaRues sought to enjoin expired by its own terms on January 6, 1997, we ordered them to show cause why their appeal should not be dismissed as moot. Pursuant to our previous order, all parties have addressed these questions. Resolution of our jurisdictional inquiry requires us to treat the LaRues and Tracys separately.

## THE TRACY APPEAL

¶5 Our inquiry focused on determining how the Tracys were "aggrieved" by

---

**1.** The trial court certified all of his findings for immediate appeal as a certified interlocutory order pursuant to 12 O.S.1991 § 952(b)(3). In addition to a Petition in Error, the plaintiffs filed, under the same case number, a Petition for Certiorari seeking review of the trial court's order as a certified interlocutory order under Okla. Sup.Ct.R. 1.52, and an Application to Assume Original Jurisdiction and Petition for Writ of Mandamus. The Application to Assume Original Jurisdiction was subsequently dismissed on the

plaintiffs' motion, and the Supreme Court's order directing the appeal to proceed as an appeal from an interlocutory order appealable as a matter of right effectively disposed of the plaintiffs' Petition for Certiorari.

**2.** As pertinent here, Rule 1.60 allows the immediate appeal of an order which grants or denies a temporary injunction.

the trial court's decision to grant the injunctive relief they requested. If they were not "aggrieved" they have no standing to appeal the order granting that injunction. *See Cleary Petroleum Corporation v. Harrison,* 1980 OK 188, 621 P.2d 528. An "aggrieved party" is one whose pecuniary interest in the subject matter of the action is directly and *injuriously* affected or whose right of property is either established or divested by the decision appealed. *Whitman v. Whitman,* 397 P.2d 664 (Okla.1964). It is apparent that the Tracys' pecuniary interest was not *injuriously* affected by the decision to grant the injunctive relief they requested.

■ ¶ 6 However, they argue that some of the trial court's findings in reaching that conclusion adversely impact their ability to prosecute their damage claim. As conceded by Defendants, those findings are not final and the damage claim is still pending. If the trial court ultimately denies the damage claim, any error concerning those findings will be subject to review on appeal from a final judgment. We express no view on those issues.[3]

¶ 7 The Tracys are not "aggrieved" by the only order which is presently subject to appellate review, the injunction in their favor. Accordingly, their appeal must be dismissed.

### THE LaRUE APPEAL

■ ¶ 8 We will not decide abstract or hypothetical questions disconnected from affording actual relief, and we will not make determinations when no practical relief is possible. *Morton v. Adair County Excise Board,* 1989 OK 174, 780 P.2d 707. We suggested that this appeal was moot because

it is undisputed that the suspension which the LaRues sought to enjoin expired by its own terms in January of 1997. Under the Supreme Court's prior order we are limited to determining the propriety of the order denying the injunction, and any relief would be limited to enjoining the suspension. Under the present circumstances, that relief would be of no practical effect.

¶ 9 The LaRues' only response is to suggest that the trial court's ruling has affected their rights beyond just denying the injunction. Like the Tracys, they contend that some of the trial court's findings have effectively prevented them from proceeding on their damage claims. This argument overlooks the limited scope of this appeal. As conceded by Defendants, those findings are not final, and if the trial court ultimately denies the damage claims, any error in those findings may be effectively addressed in an appeal from that judgment.

¶ 10 The LaRues have not demonstrated how our limited review of the trial court's order may result in any practical relief, nor have they shown how this case fits into any recognized exception to the rule that we dismiss cases which are moot. The LaRues' appeal is moot and must be dismissed.

APPEALS DISMISSED.

CARL B. JONES, P.J., and GARRETT, J., concur.

---

**3.** Those findings also might be subject to review if this case was in the posture of an appeal from a certified interlocutory order under § 952(b)(3).

As noted, the Supreme Court has rejected such review.