Dear Attorney Stocker,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Is it proper to take differences in work hours per day or week into consideration where the minimum salary of the assistant secretary of a county election board pursuant to 26 O.S. 2001, § 2-117, must be equal to the lesser of, (1) the pay of the highest salaried first assistant or chief deputy to an elected county officer or (2) 90% of the salary of the election board secretary?
¶ 1 In Attorney General Opinion 03-7, we concluded that under26 O.S. 2001, § 2-117[26-2-117], the minimum salary of the assistant secretary of a county election board must be equal to that of the highest salaried first or chief deputy in the county, or 90% of the salary of the secretary of the county election board, whichever is less.[1]
¶ 2 Your question relates to a situation in which the hours worked by the election board assistant secretary, on a daily or weekly basis, are fewer than the hours normally worked by the first or chief deputies to elected county officers, and whether any adjustment can be made for the disparity in hours worked. For example, if the first deputy county clerk works 40 hours or more per week, and the election board assistant secretary works 30 hours per week, may the assistant secretary's salary be based on a proportion of the amount paid to the first deputy county clerk?
¶ 3 We must address whether, or to what extent, State law allows salaries of county election board assistant secretaries to be adjusted according to the hours worked; i.e., whether the salary of an assistant secretary, who ordinarily works fewer hours per day or week than "full time" employees, may be adjusted proportionately.
¶ 4 Under 26 O.S. 2001, § 2-117[26-2-117], in counties with 17,500 or more registered voters, the secretary of the county election board has the authority to "employ and/or terminate an assistant secretary." The position of the election board assistant secretary is one mandated by law and must be filled. Morton v.Adair County Excise Bd., 780 P.2d 707, 709-10 (Okla. 1989). The positions of the county election board secretary and assistant secretary are established under the State election statutes in Title 26 rather than the general statutes in Title 19 pertaining to counties; however, 26 O.S. 2001, § 2-119[26-2-119] requires the counties to pay the salaries.
¶ 5 County election board offices are required under 26 O.S.2001, § 2-122[26-2-122], to be "open a minimum of six (6) consecutive hours per day, excluding Saturdays, Sundays and holidays," or at least 30 hours per week. Just because the election board office must be open only 30 hours a week does not mean the election board secretary or the assistant secretary is not working at other times. For instance, when elections are held the election board staff may be required to work evening hours until ballots are secured, counted and results tallied. Other duties may well dictate that the assistant secretary is in the office when doors are closed to the public. Neither the election statutes nor the general county government statutes specify the number of hours the election board secretary or the assistant secretary must work.
¶ 6 The Oklahoma Legislature created the positions of county election board secretary and assistant secretary, and specified how their respective salaries are to be determined. The salary of the election board secretary is fixed pursuant to 26 O.S. Supp.2002, § 2-118[26-2-118],[2] according to the number of registered voters in the county without reference to the number of hours worked. Likewise, the minimum salary of the assistant secretary is fixed under Section 2-117 as amended by S.B. 358, as 90% of the salary of the county election board secretary, but not to exceed the salary of the highest salaried first or chief deputy or assistant to any county officer (excluding the undersheriff) in the same county. Again, the hours to be worked by the election board assistant secretary are not specified in either the election statutes or the general county government statutes. The Legislature is presumed to have been aware of the statutory requirements setting the 30-hour minimum election board office hours and tying the election board secretary's salary to county voter registration when it passed Section 2-117, as amended, and the various sections of the act must be construed together to promote harmony. Walker v. Group Health Serv., Inc.,37 P.3d 749, 758 (Okla. 2001); Poafpybitty v. Skelly Oil Co.,394 P.2d 515, 518 (Okla. 1964) (citations omitted). Thus, we conclude the Legislature intended to set a minimum salary for the county election board assistant secretary without regard to the number of hours worked.
¶ 7 Oklahoma Constitution Article XXIII, Section 1 states, "[e]ight hours shall constitute a day's work in all cases of employment by and on behalf of the State or any county or municipality." Further, 61 O.S. 2001, § 3[61-3](A) provides, in pertinent part, "[e]xcept as provided in subsection B of this section, eight (8) hours shall constitute a day's work for all public employees not otherwise exempt from or covered by special provisions under the federal Fair Labor Standards Act. . . ." These provisions of law are not dispositive of the question presented here. Article XXIII, Section 1 of the Oklahoma Constitution and 61 O.S. 2001, §§ 1[61-1] — 5, have been construed as prohibiting employers from making employees work more than 8-hour days or 40-hour weeks. White v. Wint, 638 P.2d 1109, 1112-13
(Okla. 1981); Byars v. State, 102 P. 804, (syllabus ¶ 1) (Okla.Crim. 1909). Thus, Article XXIII, Section 1 of the Oklahoma Constitution and 61 O.S. 2001, §§ 1[61-1] — 5, set the maximum work hours, and do not undertake to set the minimum hours.[3]
¶ 8 As to the number of total hours to be worked per week to be considered a "full time" employee, State law does not specifically define the term "full time," nor are there any specific requirements as to the minimum number of hours county officers or their employees must work weekly to garner a "full time" salary.[4]
¶ 9 While there is some guidance on what constitutes "regular office hours" or a "usual working day" for employees,[5] we believe it is significant that the Legislature has not undertaken to mandate minimum working hour standards for public officials.
¶ 10 Other than the statute which provides how long a county election board office must be open to the public each week, there is no statutory directive on the number of hours the election board secretary or his or her assistant must work per week. For instance, due to the variable nature of the work load when an election is being conducted the county election board secretary may require his or her assistant to work as many hours as necessary.
¶ 11 Further, we are aware of the mandate in 19 O.S. 2001, §162[19-162], that county officers appoint such deputies as are essential to the efficient operation of their respective offices, and fix the compensation and salaries of such deputies.[6] At least in counties under the County Budget Act this statute requires that county officials "institute equivalent employee job descriptions and related salary levels for all full-time employment positions for uniform application by each county officer." Id. However, under 19 O.S. 2001, § 161[19-161](1), a county election board secretary is not included as a "county officer."
¶ 12 We conclude the Legislature has mandated that the offices of the county election board secretary and the election board assistant secretary are to be maintained in each county, and the salary of the secretary is set in relation to the number of registered voters in the county, not in relation to the amount of time required to be worked. Likewise, the minimum salary of the assistant secretary is based on objective guidelines, i.e., 90% of the salary of the election board secretary, but not to exceed the salary of the highest paid first or chief deputy to any county officer (other than the undersheriff), and is not tied to the amount of time worked. The salary requirements relating to the election board secretary and assistant secretary are under the general election statutes in Title 26, not the Title 19 statutes which relate to county officers and employees. Thus, we conclude the salary of an election board assistant secretary is not prorated in comparison to the number of hours worked by any other county employees.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Under 26 O.S. 2001, § 2-117[26-2-117] and Attorney General Opinion 03-7, where the assistant secretary to the county election board secretary is required to be paid a minimum salary equal to 90% of the salary of the election board secretary, but not to exceed the pay of the highest salaried first assistant or chief deputy to an elected county officer (other than the undersheriff), the salary of the assistant secretary is not based on the number of hours worked. The salary of an election board assistant secretary is not prorated in comparison to the number of hours worked by any other county employees.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] Since Opinion 03-7 was released on February 18, 2003, an amendment to Section 2-117 was approved. The amendment is in Section 3 of S.B. 358, passed by the 2003 Legislature and approved by the Governor, with an effective date of August 28, 2003. The pertinent part of the statute, as now amended, reads as follows:
 The minimum salary of the assistant secretary shall be equal to ninety percent (90%) of the scheduled salary of the secretary in the same county, but shall not exceed the salary of the highest salaried first or chief deputy or assistant to any county officer, excluding the under sheriff, in the same county. . . . The salary limitation contained in this section shall not operate to reduce the salary of any person employed as an assistant secretary or chief clerk on May 1, 2003.
2003 Okla. Sess. Laws ch. 485, § 3 (amending 26 O.S. 2001, §2-117[26-2-117]).
[2] See 2003 Okla. Sess. Laws ch. 154, § 1 (amending 26 O.S.Supp. 2002, § 2-118[26-2-118]). The modifications are not germane to the discussion here.
[3] We note 61 O.S. 2001, § 5[61-5] provides criminal penalties for employers who violate the 8-hour day and 40-hour week laws.
[4] Title 19 O.S. 2001, § 136[19-136] provides the county clerk and other county officers must keep their respective offices open during the same hours "after the secular days and respective hours thereof have been determined upon or agreed," but there is no requirement as to what these hours must be. Further, it is significant that the salaries of the county clerk, treasurer, commissioner, assessor, court clerk and sheriff, and the maximum salaries of their respective chief deputies, are based on the total net valuation of all tangible taxable property in the county, 19 O.S. 2001, §§ 180.58[19-180.58] — 180.83 and not on any specified number of hours to be worked.
[5] In Attorney General Opinions 76-385 and 81-217, pertaining to "full-time" employees of school districts, we concluded "the phrase `full time' is a phrase ordinarily understood to refer to or designate a certain period of time customarily understood within a given industry, occupation or profession to be the usual working day." Id. Further, in State ex rel. Cartwright v.Oklahoma Industries Authority, 629 P.2d 1244 (Okla. 1981) the Oklahoma Supreme Court, in the context of inspection of public records during "regular business hours," held that term to mean "those hours during which persons in the community keep similar businesses open for the transaction of business," and noted that most State offices are open on week-day mornings and afternoons for approximately eight hours. Id. at 1251. Under Cartwright
we conclude a "full time" employee of a county or State agency is one who works approximately eight hours per day, five days per week, or 40 hours per week, but there is no statutorilyprescribed standard. Also, we note in 74 O.S. 2001, § 840-5.5[74-840-5.5](A)(11), part of the Oklahoma Personnel Act, the Legislature refers to a "normal forty-hour work week." Id.
(emphasis added). See 2003 Okla. Sess. Laws ch. 212, § 20; 2003 Okla. Sess. Laws ch. 279, § 11; 2003 Okla. Sess. Laws ch. 382, § 1; 2003 Okla. Sess. Laws ch. 353, § 3 (all amending 74 O.S.2001, § 840-5.5[74-840-5.5]). The modifications are not germane to the discussion here.
[6] This section reads:
 Subject to the approval of the county excise board, every county officer shall appoint such regular and special deputies as are essential to the performance of the duties of the office in an efficient manner and shall fix their salaries and compensation. In order to provide for parity among and between county offices, every county which has established a county budget board pursuant to the County Budget Act, Sections 1401 through 1421 of this title, may, upon majority vote of the members of the budget board, institute equivalent employee job descriptions and related salary levels for all full-time employment positions for uniform application by each county officer. It shall be the responsibility of the board of county commissioners to cause such job descriptions and salary levels to be established. The county officer shall annually make request for appropriation for payment of salaries, traveling expenses, supplies and equipment and other needs for performing his official duties. The board of county commissioners and the county excise board shall annually appropriate amounts that will enable a county officer to hire and keep capable deputies, provide their instruction, provide sufficient supplies and equipment for the county officer and his deputies, provide reimbursement for traveling expenses for the county officer or deputies whose assignments require expenditures therefor, or provide a monthly travel allowance for the county officer in lieu of reimbursed expenditures for travel within this state.
Id.